# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. KELLY ANN HANCOCK

**Criminal Court for Williamson County**
**No. I-205-1197**

---

**No. M2000-02436-CCA-R3-CD - Filed August 23, 2001**

---

## ORDER

The appellant, Kelly A. Hancock appeals as a matter of right from her conviction for driving under the influence. She contends the evidence is insufficient to support the jury's verdict of guilt. After a review of the evidence we affirm the conviction pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

## FACTS

On February 20, 1997, officers with the Williamson County Sheriff's Department were called to the scene of a two-car accident on Hillsboro Road. Upon arrival, officers approached the appellant, who was the driver of one of the car's involved in the accident. The appellant was not the driver at fault in the accident. As the officers were speaking with the appellant, they observed an odor of alcohol and found an empty bottle of Zima in the appellant's van. The appellant became argumentative as the officers questioned her about the accident. The officers then required the appellant to perform a field sobriety test which she failed. The appellant was then read a standard implied consent form and agreed to provide a blood sample.

The appellant's blood was sent to the Tennessee Bureau of Investigation for toxicology testing. The toxicology test indicated that her blood alcohol content was 0.16 percent.

On November 10, 1997, the appellant, Kelly A. Hancock, was indicted by a Williamson County Grand Jury and charged with one count of Driving Under the Influence (.10 percent or more). Following a jury trial, the appellant was convicted and fined $350 and, on August 16, 2000, the trial court sentenced her 11 months and 29 days suspended except for forty-eight hours incarceration in the county jail. A motion for new trial was denied on September 29, 2000. On that same date, the appellant filed a notice of appeal to this court.

## ANALYSIS

On appeal, the appellant raises one issue. The appellant contends that the evidence presented at trial was insufficient to find her guilty of driving under the influence beyond a reasonable doubt because the testimony of Officer Marsha A. Brolsman was inherently unreliable and inconsistent.

When an appellant challenges the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the

state. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn.1994); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Bigbee*, 885 S.W.2d at 803; *Harris*, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App .P. 13(e); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn.1994).

On appeal, the appellant bases her appeal on the credibility of the arresting officer. As an appellate court, we are not in a position to and will not reweigh the credibility and weight that a jury gives a witness or a particular piece of evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978); *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn.1994). Nevertheless, there was ample evidence presented at trial to support the jury's verdict. Officer Brolsman testified that the defendant was driving her vehicle on a public road on the night of her arrest. Upon detecting the odor of alcohol officers requested that the appellant perform a field sobriety test which she failed. An empty container for an alcoholic beverage was found in the appellant's vehicle. A blood test revealed that the defendant's blood alcohol content was 0.16 percent. The evidence supports a conviction for driving with a blood alcohol content of 0.10 percent or more.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Costs of the appeal will be paid by the appellant, Kelly Ann Hancock.

_____
JERRY L. SMITH, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE


_____
NORMA MCGEE OGLE, JUDGE